Elizabeth Yang (SBN: 249713)
Natalie Schneider (SBN: 303805)
LAW & MEDIATION OFFICES OF ELIZABETH YANG
199 W. Garvey Ave., Suite 201
Monterey Park, CA 91754
Telephone: (877) 492-6452
Facsimile: (877) 492-6452
Email: elizabeth@yanglawoffices.com; natalie@yanglawoffices.com

Attorneys for Plaintiff
The Latest Thing, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| THE LATEST THING, INC., A CALIFORNIA CORPORATION<br><br>Plaintiff,<br><br>vs.<br><br>CHOICES RECOVERY CENTERS, LLC., A NEW YORK DOMESTIC LIMITED LIABILITY COMPANY; CHOICES WHOLESALE, LLC., A NEW YORK DOMESTIC LIMITED LIABILITY COMPANY; CHOICES BOOKS AND GIFTS INC., A NEW YORK DOMESTIC CORPORATION; AND DOES 1 TO 10,<br><br>Defendants. | **Case No.: 8:17-cv-1414**<br><br>**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT
1

Plaintiff THE LATEST THING, INC., a California Corporation (hereinafter "Plaintiff"), hereby files this Complaint against the Defendants CHOICES RECOVERY CENTERS, LLC., a New York domestic limited liability company (hereinafter "CHOICES RECOVERY") , CHOICES WHOLESALE, LLC., a New York domestic limited liability company (hereinafter "CHOICES WHOLESALE) , CHOICES BOOKS AND GIFTS INC., a New York Domestic Business Corporation (hereinafter "CHOICES BOOKS") (collectively, "CHOICES" or "Defendants") and DOES 1-10.

## NATURE OF THE ACTION

1.   This is an action for willful patent infringements under the Patent laws of the United States, 35 U.S.C §§ 101, *et seq*., and for such other relief as the Court deems just and proper.

## THE PARTIES

2.   Plaintiff is, and at all relevant times herein was, a California Corporation duly organized and existing under the laws of California. Plaintiff's principle place of business is located at 1576 Newport Blvd., Costa Mesa, CA, 92627.

3.   Plaintiff is informed and believes, and based thereon alleges, that Defendant CHOICES RECOVERY is, and at all relevant times was, an entity duly organized and existing under the laws of The State of New York,

having its principle place of business at 51 E. 25th Street, New York, New York, 10010.

4.	Plaintiff is informed and believes, and based thereon alleges, that Defendant CHOICES WHOLESALE is, and at all relevant times was, an entity duly organized and existing under the laws of The State of New York, having its principle place of business at 220 E. 78th Street, New York, New York, 10075.

5.	Plaintiff is informed and believes, and based thereon alleges, that Defendant CHOICES BOOKS is, and at all relevant times was, an entity duly organized and existing under the laws of The State of New York, having its principle place of business at 220 E. 78th Street, New York, New York, 10075.

6.	Plaintiff is informed and believes, and based thereon alleges, that JAY DEPAOLO (hereinafter "JAY"), an individual residing in the State of New York, is, and at all relevant time was, an agent of CHOICES.

7.	Plaintiff does not know the true names, identities and capacities of Defendants sued herein as DOES 1 to 10, and therefore sues these Defendants by such fictitious names.  At such time as Plaintiff learns the true names, identities, and capacities of Defendants DOES 1 to 10, Plaintiff will amend this Complaint to reflect such names and capacities.  Plaintiff is informed and believes, and thereon alleges that Defendants DOES 1 to 10, are responsible in some manner for the actions alleged herein and the damages caused to Plaintiff.

# FACTUAL BACKGROUND

8. Plaintiff is a corporation in Orange County, California that sells and provides recovery gifts to those who are taking a path to recovery with the positive prospect of reclaiming their lives. The products and services provided by the Plaintiff are inspiring and spiritual in nature.

9. Plaintiff also operates Recovery Mint, a manufacturer and distributor of recovery medallions.

10. Recognizing the potential of customized designs of recovery medallions early on, Plaintiff invested in and developed a design patent portfolio of unique designs for recovery medallions.

11. As a result of its work, Plaintiff obtained numerous patents. Two of Plaintiff's patents are at issue here. U.S. Design Patent No. 693,727 (the "'727 patent) and U.S. Design Patent No. 712,781 (the "'781 patent"). The '727 patent was issued on November 19, 2013 and was assigned to Plaintiff on June 9, 2017. A true and correct copy of the '727 patent is attached hereto as Exhibit A. The '781 patent was issued on September 9, 2014 and was assigned to Plaintiff on June 9, 2017. A true and correct copy of the '781 patent is attached hereto as Exhibit B. A true and correct copy of the '727 patent and '781 patent's assignment is attached hereto as Exhibit C. These patents are at issue in this Complaint; they cover ornamental designs for the recovery medallions.

12. In 2009, Plaintiff and Defendants (hereinafter, "Parties") reached a verbal agreement, under which, they agreed to establish a supply chain

between them, where Plaintiff would purchase tri-plate medallions from Defendants in bulk, for a discounted price. The Parties also agreed not to undercut each other's prices of medallions sold to the open market. Defendants breached the verbal agreement between the Parties and undercut the prices of its medallions that were sold to the open market.

13. Unable to work with untrustworthy business associates, Plaintiff severed its supply chain with Defendants.

14. Plaintiff is informed and believes, and based thereon alleges, that Defendants, after breaching the verbal agreement between the Parties, started to purchase, from the open market, recovery medallions made and sold by Plaintiff since 2010. True and correct copies of those invoices are attached hereto as Exhibit D.

15. Plaintiff is informed and believes, and based thereon alleges, that after purchasing Plaintiff's medallions from the open market, Defendants copied and used Plaintiff's ornamental medallion designs, and, based on the Plaintiff's patented designs, made medallions (hereinafter "infringing medallions") that look identical to the Plaintiff's recovery medallions. Plaintiff did not give permission nor consent to said use of its patents.

16. Plaintiff is informed and believes, and based thereon alleges, that Defendants copied Plaintiff's product image from Plaintiff's website and used it to advertise identical medallions sold by them, without Plaintiff's consent, on their website. True and correct copies of the comparison between Plaintiff's inventory online listings and Defendants inventory

online listings showing the advertisement and sales offers of infringing medallions are attached hereto as <u>Exhibit E</u>.

17. Plaintiff is informed and believes, and based thereon alleges, that the infringing medallions have been, and are now being distributed and sold to the market by Defendants. Plaintiff did not give permission to said distribution and sales. True and correct copies of CHOICES' inventory online listings showing the advertisement and sales offers of infringing medallions are attached hereto as <u>Exhibit F</u>.

18. Plaintiff is informed and believes, and based thereon alleges, that on or about March 16, 2017, Plaintiff sent a cease and desist demand letter to CHOICES. CHOICES failed to act in response to that letter.

19. Plaintiff is informed and believes, and based thereon alleges, that on or about March 28, 2017, Plaintiff sent a cease and desist demand letter to CHOICES. CHOICES, again, failed to act in response to that letter.

20. Plaintiff is informed and believes, and based thereon alleges, that on or about April 18, 2017, Plaintiff sent another cease and desist demand letter to CHOICES. CHOICES, for the third time, failed to act in response to that letter.

## JURISDICTION

21. This civil action asserts claims arising under the Patent Laws of the United States, 35 U.S.C §§ 1, *et seq*. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a).

22. The Court has personal jurisdiction over the Defendants by virtue of, on information and belief, its transacting and doing business in the State of California and this District and/or committing acts of patent infringement in the State of California and this District. On information and belief, the Defendants are engaged in substantial and continuous contacts with the State of California and this District, through its conduct of business, including purchasing, offering to buy, making, using, selling, offering for sale, and/or exporting and importing products and services from producers and/or to customers within this District. The Defendants also placed or caused to have placed infringing products and services into the stream of commerce, including by way of CHOICES' website with the knowledge that such products and services will be made, imported, sold, offered for sale, and/or used in the State of California and this District. On information and belief, a substantial part of the events giving rise to Plaintiff's claims, including acts of patent infringement, have occurred in the State of California and this District.

23. Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b) because, on information and belief, act or acts of patent infringement have been committed in this District, because a substantial part of the property at issue

in this action is situated in this district, and because Defendants are subject to personal jurisdiction in this District. In addition, venue is proper because Plaintiff has suffered and is suffering harm in this District.

**COUNT I - INFRINGEMENT OF U.S. DESIGN PATENT NO. 693,727**

24.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1-23 above.

25.     The '727 patent, entitled "Medallion", was duly and legally issued by the U.S. Patent and Trademark Office on November 19, 2013 and assigned to the Plaintiff on June 9, 2017.

26.     The '727 patent is valid and enforceable.

27.     Plaintiff is informed and believes, and based thereon alleges, that Defendants have infringed, and continues to infringe, literally and/or through the doctrine of equivalents, '727 patent's claim pursuant to 35 U.S.C. § 271(a), by making, using, selling, offering to sell, and/or importing within the United States, without authority, recovery medallions with certain ornamental designs.

28.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known about the '727 patent and its infringement of that patent because, first, CHOICES has been purchasing recovery medallions from Plaintiff.

29. Second, the market for recovery medallions in the United States is a relatively close one. Plaintiff and CHOICES have been aware of each other for many years.

30. Third, CHOICES knew, or should have known, of at least the '727 patent for the additional reason that the existence of this patent was disclosed to CHOICES in the three demand letters sent to it.

31. Under these circumstances, Defendants knew of the '727 patent, and its infringement of the patent, or should have known of the same but-for willful ignorance.

32. Thus, Defendants' infringement has caused and is continuing to cause damage and irreparable injury to Plaintiff. Plaintiff will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court as a remedy at law alone would be inadequate.

33. Plaintiff is entitled to injunctive relief and damages in accordance with 35 U.S.C §§ 271, 281, 283 and 284.

34. Plaintiff is informed and believes, and based thereon alleges that Defendants have infringed the claim of the '727 patent as alleged above despite having prior knowledge of the patent and its infringement of the patent, and has acted with willful, intentional and reckless disregard of the objectively high likelihood that its acts constitute infringement of '727 patent's claim. On information and belief, the infringement of '727 patent's claim has been and continues to be willful, entitling Plaintiff to enhanced damages under 35 U.S.C. § 284 and also a finding that this case is exception,

entitling Plaintiff to an award of its reasonable attorney's fees under 35 U.S.C. § 285.

## COUNT II - INFRINGEMENT OF U.S. DESIGN PATENT NO. 712,781

35. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1-34 above.

36. The '781 patent, entitled "Medallion", was duly and legally issued by the U.S. Patent and Trademark Office on September 9, 2014 and assigned to the Plaintiff on June 9, 2017.

37. The '781 patent is valid and enforceable.

38. Plaintiff is informed and believes, and based thereon alleges, that Defendants have infringed, and continues to infringe, literally and/or through the doctrine of equivalents, '781 patent's claim pursuant to 35 U.S.C. § 271(a), by making, using, selling, offering to sell, and/or importing within the United States, without authority, recovery medallions with certain ornamental designs.

39. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known about the '781 patent and its infringement of that patent because, first, CHOICES has been purchasing recovery medallions from Plaintiff.

40. Second, the market for recovery medallions in the United States is a relatively close one. Plaintiff and CHOICES have been aware of each other for many years.

41. Third, CHOICES knew, or should have known, of at least the '781 patent for the additional reason that the existence of this patent was disclosed to CHOICES in the three demand letters sent to it.

42. Under these circumstances, Defendants knew of the '781 patent, and its infringement of the patent, or should have known of the same but-for willful ignorance.

43. Thus, Defendants' infringement has caused and is continuing to cause damage and irreparable injury to Plaintiff. Plaintiff will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court as a remedy at law alone would be inadequate.

44. Plaintiff is entitled to injunctive relief and damages in accordance with 35 U.S.C §§ 271, 281, 283 and 284.

45. Plaintiff is informed and believes, and based thereon alleges that Defendants have infringed the claim of the '781 patent as alleged above despite having prior knowledge of the patent and its infringement of the patent, and has acted with willful, intentional and reckless disregard of the objectively high likelihood that its acts constitute infringement of '781 patent's claim. On information and belief, the infringement of '781 patent's claim has been and continues to be willful, entitling Plaintiff to enhanced damages under 35 U.S.C. § 284 and also a finding that this case is exception, entitling Plaintiff to an award of its reasonable attorney's fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in their favor and against Defendants on this Complaint as follows:

1. A judgment that Defendants have infringed and continues to infringe, contribute to, and/or induce the infringement of the '727 and/or '781 patents under at least 35 U.S.C. §§ 271 (a), (b) and/or (c), and that such infringement was willful;

2. Preliminary and permanent injunctive relief prohibiting Defendants and their officers, agents, representatives, assigns, licensees, distributors, employees, customers, related entities, and all those acting in privity or acting in concert with them, from

    1. Infringing, inducing, and/or contributing to the infringement of any of the claims of the '727 and/or '781 patents; and

    2. Soliciting any new business or new customers using any information or materials derived from infringement of these patents;

3. An award of monetary damages, including both lost profits and a reasonable royalty, to be obtained from any and all of Defendants' assets, sufficient to compensate Plaintiff for Defendants' past, on-going, and/or future patent infringement that has, is, or may occur prior to entry of an injunction prohibiting such activity, together with prejudgment and postjudgment interest, pursuant to at least 35 U.S.C § 284;

4. An order directing Defendants to deliver to Plaintiff, for destruction at Plaintiff's option, all products that infringe, contribute to, and/or induce the

infringement of the '727 and/or '781 patents.

5. An award of enhanced damages, to be obtained from any and all of Defendants' assets, of three times the amount found or assessed for Defendants' willful patent infringement of the '727 and/or '781 patents, pursuant to 35 U.S.C § 284, including prejudgment and post judgment interest on such damages.

6. An order finding this case exceptional and awarding Plaintiff their attorneys' fees, to be obtained from any and all of Defendants' assets, pursuant to 35 U.S.C § 285, including prejudgment interest on such fees;

7. An accounting and supplemental damages for all damages occurring after the period for which damages discovery is taken, and after discovery closes, through the Court's decision regarding the imposition of a permanent injunction;

8. For costs of suit herein according to proof; and

9. An award of Plaintiff's costs and expenses of this suit as prevailing parties, to be obtained from any and all of Defendants' assets; and

10. For such other and further relief as the Court may deem proper.

DATED: 8/07/2017

Respectfully submitted,
LAW & MEDIATION OFFICES OF
ELIZABETH YANG

_Elizabeth Yang_

Attorney for Plaintiff
The Latest Thing, Inc.

# DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), The Latest Thing, Inc. hereby demands a jury trial on triable issues of fact.

DATED: 8/07/2017            Respectfully submitted,

                            LAW & MEDIATION OFFICES OF
                            ELIZABETH YANG

                            *Elizabeth Yang*

                            Attorney for Plaintiff
                            The Latest Thing, Inc.